# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ANTHONY ROBINSON,

    Petitioner,        Case Number: 06-CV-10924

v.              HON. LAWRENCE P. ZATKOFF

JAN TROMBLEY,

    Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Anthony Robinson, a state inmate currently incarcerated at the Saginaw Correctional Facility in Detroit, Michigan, has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges his 2000 convictions for first-degree premeditated murder, conspiracy to assault with intent to do great bodily harm less than murder, and several firearm-related offenses. For the reasons set forth below, the Court denies the petition.

**I. Facts**

Petitioner's conviction arises out of the shooting death of Steven Johnson in Saginaw, Michigan, on January 6, 1989, at approximately 8:00 p.m. Johnson was shot as he was walking down a street to his home.

Several eyewitnesses testified to seeing a light colored Buick sedan driving down the street at about the same time they heard gunshots.

Kenneth Atwater testified that he owned a 1990 gold two-door Buick Riviera. He testified that Petitioner borrowed the vehicle sometime between 6:30 and 7:00 p.m. on the day of the shooting and returned it approximately one and a half hours later. Quavis McDaniel was with

Petitioner when he returned the vehicle. Petitioner informed Atwater that someone had been shooting at him and that the vehicle was "hot," so Atwater should refrain from driving it for a week or so.

Robert Ruth, an investigator with the Saginaw City Police Department, taped an interview he conducted with Petitioner. The tape was played for the jury. In the tape, Petitioner initially denied any involvement in the shooting. Eventually, however, he admitted he was in a vehicle with McDaniel when the shooting occurred. He stated that he had a gun and fired two shots behind the victim before his gun jammed.

Kann Virani, a forensic pathologist with the Oakland County medical examiner's office, testified that he performed an autopsy on Steven Johnson and found five gunshot wounds. He testified that the fatal shot entered the left side of Johnson's chest, went through his heart, and exited the right side of his chest. He testified that Johnson would have died within one minute of sustaining the wounds.

Petitioner did not testify in his own defense.

**II.     Procedural History**

Following a jury trial in Saginaw County Circuit Court, Petitioner was convicted of first-degree premeditated murder, conspiracy to assault with intent to do great bodily harm less than murder, carrying a firearm with unlawful intent, intentionally discharging a firearm from a motor vehicle, felon in possession of a firearm, and possession of a firearm during the commission of a felony.[1] On March 29, 2000, he was sentenced to life imprisonment for murder, 95 to 180 months

---

[1] Prior to trial, Petitioner's motion to sever his trial from that of his co-defendant Quavis McDaniel was granted.

imprisonment for conspiracy to assault, 47 to 90 months imprisonment for carrying a firearm with unlawful intent, 36 to 72 months for intentionally discharging a firearm from a motor vehicle, 36 to 90 months imprisonment for felon in possession of a firearm, and two years imprisonment for felony-firearm.

Petitioner filed an appeal of right in the Michigan Court of Appeals, presenting the following claims:

> I. The prosecution failed to provide sufficient evidence to sustain a jury verdict of guilty of first-degree premeditated murder.
>
> II. The jury verdict of guilty on the lesser offense of conspiracy to commit great bodily harm less than murder and first-degree premeditated murder was inconsistent with the evidence, or the product of a misunderstanding of the jury instructions, which constituted an impermissible compromise verdict.
>
> III. The trial court erred reversibly in failing to give the jury proper supplemental instructions on the elements of first-degree murder and cautionary instructions regarding other uncharged acts CJI2D 4.11, and mere presence CJI2d 8.5. Counsel was ineffective for failing to insure that the trial court properly instructed the jury.

The Michigan Court of Appeals affirmed the convictions. *People v. Robinson*, No. 226948 (Mich. Ct. App. June 4, 2002).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the following claims:

> I. The prosecution failed to provide sufficient evidence to sustain a jury verdict of guilty of first-degree premeditated murder.
>
> II. The verdict of guilty on the lesser offense of conspiracy to commit great bodily harm less than murder and first-degree premeditated murder was inconsistent with the evidence, or the product of a misunderstanding of the jury instructions, which constituted an impermissible compromise verdict.
>
> III. The trial court erred reversibly in failing to give the jury proper supplemental instructions on the elements of first-degree premeditated murder.

- IV. Trial counsel was ineffective for emphatically opposing the jury with supplemental instructions to the crime of first-degree premeditated murder.

- V. The trial court abused its discretion by admitting People's proposed exhibit 55 into evidence and violated [Petitioner's] due process protection against introduction of unreliable identification through photographic displays.

- VI. The trial court constituted reversible error in creating a modification at trial that acted to broaden the charge contained in the original indictment of first-degree premeditated murder.

The Michigan Court of Appeals denied leave to appeal because the court was "not persuaded that the questions presented should be reviewed." *People v. Robinson*, No. 122025 (Mich. Jan. 31, 2003).

Petitioner then filed a motion for relief from judgment in the trial court, presenting three claims of ineffective assistance of appellate counsel. On February 5, 2004, the Circuit Court issued an order denying Petitioner's motion for relief from judgment. *People v. Robinson*, No. 99-017421 (Saginaw County Circuit Court Feb. 5, 2004). On March 18, 2004, the Circuit Court denied Petitioner's motion for reconsideration. *People v. Robinson*, No. 99-017421 (Saginaw County Circuit Court Mar. 18, 2004).

Petitioner filed an application for leave to appeal the trial court's denial of his motion for relief from judgment in the Michigan Court of Appeals, and raised the following claims:

- I. Appellate counsel was ineffective for failing to indicate in the record that the jury reached its conclusion out of compromise or confusion, for inaccurately referring to the record, for failing to adequately explain issue and failing to raise significant and obvious issue violating [Petitioner's] Sixth and Fourteenth Amendment rights to effective assistance of appellate counsel. U.S. Const Amend VI & XIV.

- II. The trial court abused its discretion by admitting People's proposed exhibit 55 into evidence violating [Petitioner's] due process protection against introduction of evidence of, or tainted by, unreliable identifications, elicited through unnecessarily suggestive photographic displays. U.S. Const Amend XIV.

4

Petitioner also filed a motion to remand for an evidentiary hearing on newly discovered evidence. The Michigan Court of Appeals denied the motion to remand and the application for leave to appeal. *People v. Robinson*, No. 255042 (Mich. Ct. App. Dec. 16, 2004).

Petitioner then filed an application for leave to appeal with the Michigan Supreme Court. The Michigan Supreme Court denied Petitioner's application because Petitioner "failed to meet the burden of establishing entitled to relief under MCR 6.508(D)." *People v Robinson*, No. 127934 (Mich. Nov. 29, 2005).

Petitioner then filed the pending petition for a writ of habeas corpus, presenting the following claims:

> I. Petitioner was denied his right to a fair trial and due process of the law guaranteed under the Sixth and Fourteenth Amendments to the United States Constitution, where the prosecutor failed to provide sufficient evidence to sustain a jury verdict of first-degree murder.
>
> II. Petitioner was denied due process of law guaranteed by the Fourteenth Amendment to the United States Constitution, where the jury verdict of guilty on the lesser offense of conspiracy to commit great bodily harm less than murder and first-degree premeditated murder was inconsistent with the evidence, or the product of a misunderstanding of the jury instructions, which constituted an impermissible compromise verdict.
>
> III. Petitioner was denied due process of law guaranteed by the Fourteenth Amendment to the United States Constitution, where the trial court abused its discretion by failing to give the jury proper supplemental instructions on the element of first-degree murder, depriving Petitioner of substantial rights and affecting the fairness, integrity and public reputation of judicial proceedings.
>
> IV. Petitioner was denied his right to effective assistance of counsel guaranteed under the Sixth Amendment to the United States Constitution, where trial counsel failed to ensure that the trial court properly instructed the jury.
>
> V. Petitioner was denied his Fifth and Fourteenth Amendment rights guaranteed under the United States Constitution, where Petitioner's appellate counsel was ineffective for failing to indicate in the record that the jury reached its conclusion out of compromise or confusion, for inaccurately referring to the record, for failing to

5

adequately explain issue and for failing to raise significant and obvious issue on appeal.

VI. Petitioner was denied his right to due process of law guaranteed under the Fourteenth Amendment to the United States Constitution, where the trial court abused its discretion by admitting People's proposed exhibit 55 into evidence introducing evidence of, or tainted by, unreliable identifications, elicited through unnecessarily suggestive photographic displays.

## III. Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review on federal courts reviewing applications for a writ of habeas corpus:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998). Additionally, this court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1)[2]; *see also Cremeans v. Chapleau*, 62 F.3d 167, 169 (6th Cir. 1995) ("We

---

[2] 28 U.S.C. § 2254(e)(1) provides, in pertinent part:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall

give complete deference to state court findings unless they are clearly erroneous").

The United States Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams v. Taylor*, 529 U.S. 362, 405–06 (2000).

With respect to the "unreasonable application" clause of § 2254(d)(1), the United States Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause when "a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Id.* at 409. The Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . .
>
> [A]n unreasonable application of federal law is different from an incorrect application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id.* at 410–11.

**IV.     Discussion**

---

be presumed to be correct.

7

### A. Sufficiency of the Evidence

Petitioner claims that insufficient evidence was presented to support his first-degree murder conviction. Petitioner argues that the prosecutor failed to establish beyond a reasonable doubt the premeditation element of first-degree murder.

In *Jackson v. Virginia*, 443 U.S. 307 (1979), the Supreme Court established that the standard of review for a sufficiency of the evidence challenge must focus on whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319 (emphasis in original). Pursuant to 28 U.S.C. § 2254(d)(1), this Court must determine whether the state court's application of the *Jackson* standard was contrary to or an unreasonable application of Supreme Court precedent. In making this determination, this Court must afford the state court's findings of fact a presumption of correctness unless it is established by clear and convincing evidence that the factual determination in the state court was erroneous. 28 U.S.C. § 2254(e)(1); *West v. Seabold*, 73 F.3d 81, 83 (6th Cir. 1996).

The last state court to issue a reasoned opinion regarding this claim, the Michigan Court of Appeals, held, in pertinent part:

> Defendant argues that there was insufficient evidence to support his first-degree murder conviction. We disagree. In reviewing a sufficiency of the evidence claim, this Court views the evidence in the light most favorable to the prosecution and determines whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. *People v Johnson*, 460 Mich. 720, 723; 597 N.W.2d 73 (1999). "[C]ircumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime." *People v Lee*, 243 Mich. App. 163, 167–68; 622 N.W.2d 71 (2000). Moreover, this Court will not interfere with the jury's role in determining the weight of the evidence or the credibility of witnesses. *People v Wolfe*, 440 Mich. 508, 514–15; 489 N.W.2d 748 (1992), amended 441 Mich. 1201 (1992).

8

> To convict defendant of first-degree premeditated murder, the prosecution was required to prove beyond a reasonable doubt that defendant intended to kill the victim and that the killing was premeditated and deliberate. *People v Marsack*, 231 Mich. App. 364, 370–371; 586 N.W.2d 234 (1998). However, the jury was also instructed that defendant could be found guilty under an aiding and abetting theory. *See* MCL 767.39; *People v Coomer*, 245 Mich. App. 206, 223; 627 N.W.2d 612 (2001). A conviction for aiding or abetting the commission of a crime requires proof beyond a reasonable doubt that: (1) a crime was committed; (2) defendant performed acts in furtherance of the crime or encouraged its commission; and (3) defendant intended to commit the crime or knew that the principal intended its commission at the time defendant provided the encouragement. *People v Turner*, 213 Mich. App. 558, 568–69; 540 N.W.2d 728 (1995); *see also People v King*, 210 Mich. App. 425, 431; 534 N.W.2d 534 (1995).
>
> The evidence at trial indicated that Quavis McDaniel and defendant shot and killed Steven Johnson during a drive-by shooting. In a statement to police, defendant stated that he arranged to borrow the vehicle that was involved in the shooting. There was also evidence presented that defendant knew McDaniel carried guns and that he had repeatedly threatened retaliation against a south side gang. Defendant picked up McDaniel, who brought two loaded guns into the car, and permitted McDaniel to drive the vehicle. Defendant stated that he accepted one of the loaded guns from McDaniel. Defendant acknowledged that he intended to shoot at someone and that he fired his weapon first. Defendant allegedly stopped firing only after his gun jammed. However, defendant claimed that McDaniel continued to fire at Johnson even after Johnson screamed that he had already been hit. Defendant informed police that McDaniel fired over ten shots at Johnson. Viewing this evidence in the light most favorable to the prosecution, a reasonable juror could conclude that defendant was guilty of first-degree murder either as a principal or under an aiding and abetting theory.

*People v Robinson*, slip op. at 1–2.

The Michigan Court of Appeals, although not citing *Jackson*, cited case law that clearly incorporated the *Jackson* standard. Petitioner has not presented any evidence to show that the state court's findings of fact were erroneous. Therefore, according the state court's findings of fact a presumption of correctness, this Court concludes that the Michigan Court of Appeals' decision that sufficient evidence was presented to establish the premeditation element of first-degree murder did not "result[] in a decision that . . . involved an unreasonable application of, clearly established

9

Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Accordingly, Petitioner is not entitled to federal habeas corpus relief with respect to this claim.

### B. Procedural Default

Respondent argues that Petitioner's second and third claims are procedurally defaulted because he failed to preserve them at trial. Respondent further argues that the ineffective assistance of trial counsel claim (claims IV), asserted as cause to excuse the procedural default, is meritless.

The doctrine of procedural default provides:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson,* 501 U.S. 722, 750 (1991). Such a default may occur if the state prisoner files an untimely appeal, *id.* at 752, if he fails to present an issue to a state appellate court at his only opportunity to do so, *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994), or if he fails to comply with a state procedural rule that required him to have done something at trial to preserve his claimed error for appellate review, e.g., to make a contemporaneous objection, or file a motion for a directed verdict. *United States v. Frady*, 456 U.S. 152, 167–69 (1982); *Simpson v. Sparkman*, 94 F.3d 199, 202 (6th Cir. 1996). Application of the cause and prejudice test may be excused if a petitioner "presents an extraordinary case whereby a constitutional violation resulted in the conviction of one who is actually innocent." *Rust*, 17 F.3d at 162; *see Murray v. Carrier*, 477 U.S. 478, 496 (1986); *Dretke v. Haley*, 541 U.S. 386, 393 (2004).

For the doctrine of procedural default to apply, a firmly established state procedural rule applicable to the petitioner's claim must exist, and the petitioner must have failed to comply with

that state procedural rule. *Williams v. Coyle*, 260 F.3d 684, 693 (6th Cir. 2001); *see also Warner v. United States*, 975 F.2d 1207, 1213–14 (6th Cir. 1992). Additionally, the last state court from which the petitioner sought review must have invoked the state procedural rule as a basis for its decision to reject review of the petitioner's federal claim. *Coleman*, 501 U.S. at 729–30. "When a state court judgment appears to have rested primarily on federal law or was interwoven with federal law, a state procedural rule is an independent and adequate state ground[] only if the state court rendering judgment in the case clearly and expressly stated that its judgment rested on a procedural bar." *Simpson*, 94 F.3d at 202. Whether the independent state ground is adequate to support the judgment is itself a federal question. *Lee v. Kemna*, 534 U.S. 362, 375 (2002).

If the last state court from which the petitioner sought review affirmed the conviction both on the merits and, alternatively, on a procedural ground, the procedural default bar is invoked and the petitioner must establish cause and prejudice in order for the federal court to review the petition. *Rust*, 17 F.3d at 161. If the last state court judgment contains no reasoning, but simply affirms the conviction in a standard order, the federal habeas court must look to the last reasoned state court judgment rejecting the federal claim and apply a presumption that later unexplained orders upholding the judgment or rejecting the same claim rested upon the same ground. *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

Respondent argues that Petitioner's second and third claims, regarding an allegedly improper compromise verdict and jury instructions, are procedurally defaulted because counsel failed to object at trial. In denying the jury verdict claim, the state court held that the issue was not preserved and the court would, therefore, limit its review to one for plain error affecting Petitioner's substantial rights. *Robinson*, slip op. at 2. Similarly, in denying the jury instruction claim, the state court held that Petitioner's counsel approved of the instruction and opposed any supplemental instructions; and,

11

therefore, reviewed the claim for plain error only. *Id.* The state court's reliance on the petitioner's failure to object is an adequate and independent state ground for foreclosing review. *See Engle v. Isaac*, 456 U.S. 107, 110 (1982) (concluding that a petitioner who fails to comply with a state rule mandating contemporaneous objections to jury instructions may not challenge the constitutionality of those instructions in a federal habeas corpus proceeding). The fact that the state court of appeals engaged in plain error review of these claims does not constitute a waiver of the state procedural default. *See Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000). Rather, the review on those terms constitutes enforcement of the state procedural rule. *See Hinkle v. Randle*, 271 F. 3d 239, 244 (6th Cir. 2001).

Therefore, this Court may not review Petitioner's claims unless he has established cause for the default and actual prejudice as a result of the alleged violation of federal law or unless he has demonstrated that failure to consider these claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. Petitioner claims that his trial attorney's ineffectiveness constitutes cause to excuse the default.

The Supreme Court has held that "cause" under the cause and prejudice standard must be "something *external* to the petitioner, something that cannot be fairly attributed to him." *Id.* at 753 (emphasis in original). The Court further held that "[a]ttorney ignorance or inadvertence is not 'cause' because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must 'bear the risk of attorney error' . . . . Attorney error that constitutes ineffective assistance of counsel is cause, however." *Id.* at 753–54 (internal citations omitted).

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established a two-pronged test for determining whether a habeas petitioner has received ineffective assistance of

12

counsel. First, a petitioner must prove that counsel's performance was deficient. This "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687. Second, a petitioner must show that counsel's deficient performance prejudiced petitioner. To satisfy the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A court's review of counsel's performance must be "highly deferential." *Id.* at 689.

To evaluate whether counsel was ineffective in failing to object to the jury verdicts and jury instructions, the Court must consider the merits of these claims. First, Petitioner argues that the jury verdicts of guilty of first-degree premeditated murder and conspiracy to assault with intent to do great bodily harm less than murder are irreconcilable and resulted from impermissible jury compromise or confusion.

The Supreme Court has held that inconsistent jury verdicts are permissible. *United States v. Powell*, 469 U.S. 57 (1984); *Dunn v. United States*, 284 U.S. 390, 393 (1932). "[C]onsistency of a verdict is not necessary. Each count in an indictment is regarded as if it was a separate indictment." *Dunn*, 284 U.S. at 393; *accord United States v. Miller*, 161 F.3d 977, 985 (6th Cir.1998) (explaining that the jury is free to render inconsistent verdicts). A federal habeas court can only grant a writ if a state court decision is "contrary to" or an "unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d). In reviewing the state courts' decisions, this Court finds that the reasoning applied therein, in determining that the verdicts were not inconsistent and in further expressing that consistent verdicts are not necessary, does not run contrary to nor involve the unreasonable application of clearly established law. Therefore, Petitioner's claim of inconsistent

13

verdicts is without merit. Because this claim is without merit, Petitioner cannot show that his attorney was ineffective in failing to object. Therefore, he does not establish cause to excuse his procedural default.

Second, Petitioner claims that his attorney should have objected to the jury instructions. Specifically, he argues that his attorney should have requested instructions on mere presence and prior bad acts. In addition, he argues that the trial court should have given the requested supplemental jury instructions on first-degree premeditated murder. The Michigan Court of Appeals, although finding that this claim was not preserved for appellate review, held that it was meritless. In reaching this holding, the state court noted that the state court did give a mere presence instruction and did caution the jury that Petitioner's prior felony conviction could only be considered as it related to the charge of felon in possession. Thus, Petitioner cannot show that counsel was ineffective regarding these instructions. With respect to Petitioner's claim that the jury was inadequately instructed on first-degree premeditated murder, the Michigan Court of Appeals held that the instructions adequately conveyed the elements of first-degree murder. Petitioner has failed to show that this conclusion was incorrect or unreasonable. Accordingly, he cannot show that his attorney was ineffective in failing to object to proper instructions.

Because Petitioner has failed to establish that his trial attorney rendered ineffective assistance of counsel, he has failed to show cause for his procedural default. His claims are therefore barred unless he can establish that a constitutional error resulted in a fundamental miscarriage of justice. *Schlup v. Delo*, 513 U.S. 298 (1995).

The Supreme Court explicitly has tied the miscarriage of justice exception to procedural default to a petitioner's innocence. *Id.* at 321. Thus, Petitioner must assert a constitutional error along with a claim of innocence. "To be credible, such a claim requires petitioner to support his

14

allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Id.* This evidence "must show that it is more likely than not that no reasonable juror would have found Petitioner guilty beyond a reasonable doubt." *Id.* at 327. Petitioner fails to present new, reliable evidence in light of which no reasonable juror would have found him guilty. Therefore these claims are barred from consideration by procedural default.

### C. Admission of Photograph

In his sixth claim for habeas corpus relief, Petitioner argues that the trial court erred in admitting the a photograph of Petitioner and three other people, including the co-defendant. Petitioner claims that he was not one of the people depicted in the photograph and that his appellate counsel failed to adequately present this claim on direct review.

Respondent argues that this claim is procedurally barred. "[F]ederal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518 (1997)). "Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." *Lambrix*, 520 U.S. at 525. In this case, the Court finds that the interests of judicial economy are best served by addressing the merits of this claim.

"'[F]ederal habeas corpus review does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Louis v. Jeffers*, 497 U.S. 764, 780 (1990)). The Sixth Circuit has held that "[i]n a federal habeas corpus proceeding, it is not the province of a federal appellate court to review the decision of the state's highest court on purely state law." *Long v. Smith*, 663 F.2d 22, 23 (6th Cir. 1981). Further, as stated above, "[h]abeas review does not encompass state court rulings

15

on the admission of evidence unless there is a constitutional violation." *Clemmons v. Sowders*, 34 F.3d 352, 357 (6th Cir. 1994) (citing *Fuson v. Jago*, 773 F.2d 55, 59 (6th Cir. 1985)). *See also Estelle*, 502 U.S. at 72 (holding that a federal court may not grant habeas corpus relief simply on the basis that a trial court incorrectly interpreted state evidence rules to allow admission of prior bad acts evidence).

Petitioner has failed to show that the trial court's decision to admit this photograph deprived him of his fundamental right to a fair trial or resulted in any other violation of his constitutional rights. Accordingly, Petitioner is not entitled to habeas corpus relief with respect to this claim.

**D.**     **Alleged Ineffective Assistance of Appellate Counsel**

Finally, Petitioner claims that his appellate attorney was ineffective in failing to adequately present his claim regarding inconsistent verdicts on appeal, inaccurately referring to the record, and failing to raise the issue regarding admission of the photograph.

The Supreme Court has held that a petitioner does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *Jones v. Barnes*, 463 U.S. 745, 754 (1983). The Court further stated:

> For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every "colorable" claim suggested by a client would disserve the . . . goal of vigorous and effective advocacy. . . . Nothing in the Constitution or our interpretation of that document requires such a standard.

*Id.* at 754. Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990).

The last state court to issue a reasoned opinion on this claim, the trial court in its order denying Petitioner's motion for relief from judgment, held that counsel was not ineffective. First,

the trial court found that the issue of the allegedly inconsistent jury verdicts was fully and adequately addressed before the court of appeals. Second, the trial court found none of the various errors alleged to be contained in the appellate brief prejudiced Petitioner because none was of the type that would lead to the denial of an otherwise meritorious claim on appeal. Finally, the trial court held that appellate counsel's failure to raise the issue of the photograph's admissibility was not ineffective. Petitioner failed to show that the photograph was inadmissible and trial counsel adequately cross-examined witnesses regarding the identity of the individual alleged to be Petitioner. Thus, the trial court concluded, counsel was not ineffective in failing to raise this issue on appeal. *Robinson*, slip op. at 2–3.

Petitioner has failed to show that the trial court's conclusion is contrary to or an unreasonable application of *Jones v. Barnes* or *Strickland*. Therefore, the Court denies habeas relief on this claim.

V. **Conclusion**

Petitioner has not established that he is presently in custody in violation of the Constitution or laws of the United States. Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DENIED**, and the matter is **DISMISSED WITH PREJUDICE**.

<br>

                                                s/Lawrence P. Zatkoff
                                                LAWRENCE P. ZATKOFF
                                                UNITED STATES DISTRICT JUDGE

Dated: December 12, 2007

## CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on December 12, 2007.

                                          s/Marie E. Verlinde
                                          Case Manager
                                          (810) 984-3290